**DASTI, MURPHY, McGUCKIN, ULAKY, KOUTSOURIS & CONNORS**
CHRISTOPHER J. DASTI, ESQ. [013802010]
620 West Lacey Road
P.O. Box 1057
Forked River, New Jersey 08731
(609) 971-1010; (609) 971-7093 (FAX)

Attorneys for Defendants,
Ocean Twp., Daniel Van Pelt, Robert Kraft, James Mackie
Gregory P. McGuckin, Esq., Gordon Von Schmidt,
William Summerville, James McBrien, Larry Leonard,
and Barbara Wolford

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARJORIE PARISE and ROBERT PARISE,<br><br>                         Plaintiffs,<br>   v.<br><br>DANIEL VAN PELT, ET ALS.<br><br>                         Defendants. | CIV. A. NO.: 3:17-cv-13434-BRM-DEA<br><br>**MOTION DATE: APRIL 2, 2018** |

**BRIEF ON BEHALF OF OCEAN TOWNSHIP DEFENDANTS
IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 11**

CHRISTOPHER J. DASTI, ESQ.
Of Counsel and On the Brief

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ------------------------------------------------------- 1

STATEMENT OF FACTS ------------------------------------------------------------ 2

LEGAL ARGUMENT

POINT I

THE AMENDED COMPLAINT IS FRIVOLOUS AND PLAINTIFFS'
COUNSEL HAS HAD ADEQUATE NOTICE TO
DISMISS THIS LITIGATION.  THEREFORE, SANCTIONS
UNDER FED.R.CIV.P. 11 ARE WARRANTED. ---------------------------------- 7

POINT II

THE COURT HAS INHERENT POWER TO IMPOSE
SANCTIONS AND SANCTIONS ARE APPROPRIATE IN THIS CASE. ---------- 11

CONCLUSION -------------------------------------------------------------------------- 12

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

# TABLE OF AUTHORITIES

## CASES

Ario v. Underwriting Members of Syndicate 53 at Lloyds,
618 F.3d 277 (3d Cir. 2010) ---------------------------------------------------- 8

Carlino v. Gloucester City High School,
57 F.Supp.2d 1 (D.N.J. 1999) ------------------------------------------------- 8, 9

Chambers v. NASCO, Inc.,
501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ----------------------- 11

Doering v. Union County Board of Chosen Freeholders,
857 F.2d 191 (3d Cir. 1988) --------------------------------------------------- 8

Ford Motor Co. v. Summit Motor Products, Inc.,
930 F.2d 277 (3d Cir. 1991) --------------------------------------------------- 8

Gaiardo v. Ethyl Corp.,
835 F.2d 479 (3d Cir. 1987) --------------------------------------------------- 8

Gillette Foods, Inc. v. Bayerwald-Fruchteverwertung, GmbH,
977 F.2d 809 (3d Cir. 1992) --------------------------------------------------- 11

Jones v. Pittsburgh National Corp.,
899 F.2d 1350 (3d Cir. 1990) ------------------------------------------------- 8

Leuallen v. Borough of Paulsboro,
180 F.Supp.2d 618 (D.N.J. 2002) -------------------------------------------- 8, 9, 10

Lieb v. Topstone Industries, Inc.,
788 F.2d 151 (3d Cir. 1986) --------------------------------------------------- 8

Marry Ann Pensiero, Inc. v. Lingle,
847 F.2d 90 (3d Cir. 1988) ---------------------------------------------------- 8

Martin v. Brown,
63 F.3d 1252 (3d Cir. 1995) --------------------------------------------------- 8

Mendez v. Draham,
182 F.Supp.2d. 430 (D.N.J. 2002) ------------------------------------------- 9, 10

Napier v. Thirty or More Unidentified Federal Agents, etc.,
855 F.2d 1080 (3d Cir. 1988) ------------------------------------------------- 9

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

Simmerman v. Corino,
27 F.3d 58 (3d Cir. 1994) ---------------------------------------------------------------- 8

Slater v. Skyhawk Transportation, Inc.,
187 F.R.D. 211 (D.N.J. 1999) ---------------------------------------------------------- 10

### FEDERAL RULES OF CIVIL PROCEDURE

Fed.R.Civ.P. 11 ---------------------------------------------------------------------------- *Passim*

Fed.R.Civ.P. 11(b) ------------------------------------------------------------------------ 7, 8

Fed.R.Civ.P. 11(c) ------------------------------------------------------------------------ 7, 8

Fed.R.Civ.P. 11(c)(2) --------------------------------------------------------------------- 6, 7

**DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS**

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## PRELIMINARY STATEMENT

Defendants Daniel Van Pelt, Robert Kraft, Gordon Von Schmidt, James Mackie, William Summerville, James McBrien, Larry Leonard, Barbara Wolford, Ocean Township, and Gregory P. McGuckin (collectively the "Ocean Township Defendants") bring this Motion for Sanctions under Fed.R.Civ.P. 11 against Plaintiffs Marjorie Parise and Robert Parise ("Plaintiffs") and their counsel Joshua L. Thomas, Esquire.

The claims in the Amended Complaint are all barred by the applicable statute of limitations as argued by the Ocean Township Defendants in our pending Motion to Dismiss. See ECF No. 22. The Amended Complaint is haphazardly drafted, inexact, and it is clear the Plaintiffs' themselves drafted it and Plaintiffs' Counsel merely signed his name to the last page.

The Ocean Township Defendants have provided Plaintiffs' Counsel with all the required notice under Fed.R.Civ.P 11. Therefore, the Motion for Sanctions must be granted.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## STATEMENT OF FACTS[1]

1. On December 20, 2017, Plaintiffs filed their Complaint in the United States District Court for the District of New Jersey. See Complaint (ECF No. 1). For ease of reference the Amended Complaint (ECF No. 18) and Complaint (ECF No. 1) are attached to the Certification of Christopher J. Dasti, Esquire ("Dasti Certification"), filed herewith, as Exhibit A and Exhibit B, respectively.

2. Defendant Malanga filed a Cross-Claim against all defendants. See ECF No. 5.

3. On February 9, 2018 the Ocean Township Defendants filed a Motion to Dismiss[2] the Complaint and Cross-Claim. See ECF No. 10.

4. Plaintiffs never filed opposition to the original motion to dismiss. On February 27, 2018, while the original motion to dismiss was pending, Plaintiffs filed the Amended Complaint. See ECF No. 18. On March 2, 2018, the Court Administratively Terminated the original motion to dismiss, see ECF No. 21, requiring the Ocean Township Defendants to refile the motion to dismiss to address the Amended Complaint.

5. While the original motion to dismiss was pending, Defendant Malanga filed correspondence indicating he did not object to the Ocean Township Defendants motion to dismiss. See ECF No. 16.

6. Plaintiffs' Amended Complaint, like the original Complaint, was clearly written by the Plaintiffs themselves as many paragraphs read in the first person. The Amended Complaint

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

---

[1] For ease of reference the Ocean Township Defendants restate the applicable Statement of Facts from our Motion to Dismiss. See generally ECF No. 22.
[2] Defendant James Mackie was not originally listed as an Ocean Township Defendant on the motion to dismiss the original Complaint. Defendants have since learned that James Mackie is sued as a former official of the Township of Ocean. Therefore, in the instant Motion James Mackie is included as an Ocean Township Defendant.

2

narrates like a stream of consciousness, filled with typographical errors, and fails to have any structure or organization. The Amended Complaint fails to set forth any factual or legal claims. See generally Amended Complaint (ECF No. 18); compare Complaint (ECF No. 1) to Amended Complaint (ECF No. 18).

7. The Amended Complaint does nothing to cure the legal deficiencies in the original Complaint as original set forth in our motion to dismiss the original Complaint. See ECF No. 10; compare ECF No. 1 to ECF No. 18.

8. The dates referenced in the Amended Complaint range from 1998 to 2004. See Amended Complaint at ¶7; ¶11; ¶17; ¶20; and ¶36 (ECF No. 18). As will be more fully discussed herein, any legal claims that can be deciphered in the Amended Complaint are barred by the applicable statute of limitations.

9. The Ocean Township Defendants that are referenced in the Amended Complaint, are explained below, and such mentions fail to assert a legal cause of action. See generally Amended Complaint (ECF No. 18).

10. As to Plaintiffs' allegations against Defendant Van Pelt:

> The owner of Waretown property tried to back out of the sale of the property because of the pressure put on him by the town mayor, Daniel Van Pelt.
>
> [See Amended Complaint at page 8, ¶25 (ECF No. 18).]
>
> That buyer was Daniel Van Pelt who was in the courtroom that day.
>
> [See Amended Complaint at page 9, ¶32 (ECF No. 18).]

11. The allegations against the "Waretown Board", which Defendants interpret as referring to Ocean Township or a body thereof, are limited to the following:

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

3

> In approximately 2004 K & R went in front of the Waretown Board for its subdivision application hearing.

[See Amended Complaint at page 9, ¶36 (ECF No. 18).]

> K & R finds out that Gordon Von Schmidt, William Summerville and numerous other Waretown Board members live on that block, Walker Lane.

[See Amended Complaint at page 10, ¶44 (ECF No. 18).]

12. Defendant Kraft is also barely referenced in the Amended Complaint. One plausible reference to Defendant Kraft appears as follows:

> Jim Paone's law firm has partner who is Jack Kraft, who lives in Waretown. Waretown's mayor/deputy mayor/head of Waretown MUA has a father whose name just happens to be Jack Kraft.

[See Amended Complaint at page 16, ¶117 (ECF No. 18).]

13. Additionally, Defendant Kraft is also referenced in the section entitled "Facts Specific to Individual Defendants" where Plaintiffs allege Defendant Kraft voted against their land use application, allegedly asked if they wanted to sell their property, and owns property himself on wetlands. See Amended Complaint at page 46, ¶486-¶491 (ECF N. 18).

14. Defendant Mackie is alleged to have called Plaintiffs asking for $30,000.00 to cut the red tape. See Amended Complaint at page 15, ¶92; 94 (ECF No. 18). Plaintiffs include a section entitled "Facts Specific to Individual Defendants" where they regurgitate the allegation against Mr. Mackie and note that Mr. Mackie's house is built in the "middle of an estuary with no DEP permits..." See Amended Complaint at page 30-31 at ¶292-¶304.

15. As to Defendant McGuckin, he is named in the last paragraph in the Amended Complaint as follows:

> Barry Bender goes to township meeting and asks township attorney Gregory McGuckin where our approximately

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

4

> $50,000 was and McGuckin states that it was our gift to the town and he does not have to disclose that info.

[See Amended Complaint at page 29, ¶280 (ECF No. 18).]

16. Defendants Gordon Von Schmidt and William Summerville's names appear as members of the Planning Board on pages 9 and 10 of the Amended Complaint. See Amended Complaint at pages 9-10 at ¶39, ¶40, ¶42, and ¶43 (ECF No. 18). The allegations against Defendants Von Schmidt and Summerville are inexact. As to Defendant Von Schmidt, Plaintiffs allege that Gordon Von Schmidt spoke at a public hearing as a member of the public, because he spoke during the "public portion" of the meeting, see Amended Complaint at page 9 at ¶38 and ¶39 (ECF No. 18), and that allegedly Defendant Von Schmidt and Defendant William Summerville live on Walker Lane, as if that were in any way relevant. See Amended Complaint at page 10 at ¶44 (ECF No. 18).

17. As to Defendant Summerville, Plaintiffs allege that Defendant Summerville called K & R, which is allegedly an entity controlled by Plaintiffs, and tried to solicit K & R to buy a piece of property next to some unidentified four acre parcel, and again that Defendant Summerville lives on Walker Lane, as if that were somehow relevant. See Amended Complaint at page 10 at ¶42 and ¶43 (ECF No. 18).

18. Defendant James McBrien is only referenced in the section "Facts Specific to Individual Defendants" where they allege Defendant McBrien used to work for Plaintiffs and was then hired by Ocean Township. See Amended Complaint at page 44, ¶462-¶463. Allegedly another defendant Sloane paid Defendant McBrien to issue failures for inspections of Plaintiffs' propert(ies). See Amended Complaint at pages 44-45, ¶462-¶473 (ECF No. 18).

19. Defendant Larry Leonard is only referenced in the section "Facts Specific to Individual Defendants" where they allege Defendant Leonard, as the Township's subcode

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

official, issued failures to Plaintiffs' propert(ies) for failure to meet "codes" (assumingly building codes"). See Amended Complaint at page 45, ¶474-¶476 (ECF No. 18).

20. Defendant Barbara Wolford is only referenced in the section "Facts Specific to Individual Defendants" where they allege Defendant Wolford as the Township's "secretary" was "instrumental" in "holding up [Plaintiffs'] subdivisions and inspections." See Amended Complaint at page 55, ¶599-¶603 (ECF No. 18).

21. The Amended Complaint is conclusory, fails to set forth any factual or legal allegations against the Ocean Township Defendants. The Amended Complaint is written in a stream of consciousness manner, and is unbecoming an attorney filing an action in Federal Court. See generally Amended Complaint (ECF No. 18). The allegations in the Amended Complaint are both barred by the applicable statute of limitations and on its face fails to set forth a claim upon which relief can be granted and must be dismissed.

22. Immediately upon receiving notice of the Complaint, the Ocean Township Defendants served Plaintiffs' Counsel with correspondence that the original Complaint was frivolous. See Dasti Certification at Exhibit C and Exhibit D. The Ocean Township Defendants provided Plaintiffs' Counsel with notice by said correspondence even before the formally notice under Fed.R.Civ.P. 11 was served. Id.

23. On February 14, 2018, the Ocean Township Defendants served Plaintiffs' Counsel with a copy of the motion for sanctions providing the required safe harbor notice under Fed.R.Civ.P. 11(c)(2). See February 14, 2018 correspondence from Christopher J. Dasti, Esq. to Plaintiffs' Counsel attached to the Dasti Certification at Exhibit E. The February 14, 2018 draft motion pertained to the original Complaint. The instant motion has been slightly revised to address the Amended Complaint, however the basis of the legal arguments is the same.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

6

Therefore, the Ocean Township Defendants' February 14, 2018 notice to Plaintiffs meets the safe harbor requirements of Fed.R.Civ.P. 11(c)(2).

24. After receiving the Amended Complaint, the Ocean Township Defendants sent correspondence to Plaintiffs' Counsel advising that the Amended Complaint did not change the analysis or defendants' position set forth in the previous correspondence and that the Ocean Township Defendants would proceed in filing the motion under Fed.R.Civ.P. 11. See March 2, 2018 Correspondence from Christopher J. Dasti, Esquire to Plaintiffs' Counsel attached to the Dasti Certification at Exhibit F.

## LEGAL ARGUMENT

### POINT I

**THE AMENDED COMPLAINT IS FRIVOLOUS AND PLAINTIFFS' COUNSEL HAS HAD ADEQUATE NOTICE TO DISMISS THIS LITIGATION. THEREFORE, SANCTIONS UNDER FED.R.CIV.P. 11 ARE WARRANTED.**

Pursuant to Fed.R.Civ.P. 11(b) "[b]y presenting to the court a pleading, written motion, or other paper ... an attorney ... certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose ...; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support ...." If Fed.R.Civ.P. 11(b) is violated, then Fed.R.Civ.P. 11(c) permits the court to impose sanctions, including reasonable expenses or nonmonetary directives.

Fed.R.Civ.P. 11 (sometimes cited as "Rule 11") provides that attorneys may be sanctioned if they fail to make an objectively reasonable inquiry into the legal legitimacy of a

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

7

pleading. See Fed.R.Civ.P. 11(b) and Fed.R.Civ.P. 11(c); Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). Attorneys are required to conduct a "normally competent level of legal research to support the[ir] presentation." Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994) (quoting Marry Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988)). Sanctions should be issued "only in the 'exceptional circumstance,' where a claim or motion is patently unmeritorious or frivolous." Doering v. Union County Board of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (quoting Gaiardo, supra, 835 F.2d at 483). Rule 11 sanctions may be imposed even in the absence of subjective bad faith. Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d Cir. 1986). In considering whether to grant Rule 11 sanctions, "a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances." Ario v. Underwriting Members of Syndicate 53 at Lloyds, 618 F.3d 277, 297 (3d Cir. 2010). Reasonableness has been defined by the Third Circuit as the "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Jones v. Pittsburgh National Corp., 899 F.2d 1350, 1359 (3d Cir. 1990)). Significantly, a showing of bad faith is not required by the party moving to impose Rule 11 sanctions. Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995).

Rule 11 "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.' " Leuallen v. Borough of Paulsboro, 180 F.Supp.2d 615, 618 (D.N.J. 2002) (quoting Lieb, supra, 788 F.2d at 151; Carlino v. Gloucester City High School, 57 F.Supp.2d 1, 36-37 (D.N.J. 1999)). In other words, Rule 11 requires that an attorney who submits a complaint certify that it is not asserted for improper purposes, such as delay or harassment, and that there is a reasonable basis in fact

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

and law for the claims made. Leuallen, supra, 180 F.Supp.2d at 618 (citing Carlino, supra, 57 F.Supp.2d at 37; Napier v. Thirty or More Unidentified Federal Agents, etc., 855 F.2d 1080, 1090 (3d Cir. 1988)).

In the case at bar, sanctions are clearly warranted. Plaintiffs' Counsel signed his name to the Complaint and Amended Complaint that was clearly prepared by his clients. The original Complaint reads in the first person, by way of an example, but without limitation, paragraphs 147, 235, and 236 make repeated reference to "our" expert, "our" attorney, and "our" gift, etc. See Complaint at ¶147, ¶235, ¶236 (ECF No. 1). The Ocean Township Defendants' original motion dismiss clearly set forth that the claims against them are barred by the statute of limitations and substantively, the claims fails to assert a cause of action against the Ocean Township Defendants. See ECF No. 10. The Amended Complaint does nothing to cure these deficiencies. See ECF No. 18. Portions of the Amended Complaint still read in the first person, filled with typographical errors, and reads as a stream of consciousness. See ECF No. 18. Moreover, the Amended Complaint does nothing to correct the legal deficiencies set forth in our original motion. Compare ECF No. 1; ECF No. 10; ECF No. 18. The reason is obvious, Plaintiffs and their counsel cannot avoid the statute of limitations and substantive legal argument set forth in our original motion. The Ocean Township Defendants have filed a Motion to Dismiss the Amended Complaint. See ECF No. 22.

The filing of an amended complaint is no defense to a motion for sanctions, when the amended complaint, like the original complaint, is clearly frivolous. See Leuallen, supra; Mendez v. Draham, 182 F.Supp.2d. 430 (D.N.J. 2002). Plaintiffs' counsel has simply filed whatever his clients put in front of him, without any research, analysis, or due diligence. "Attorneys may not, consistent with their professional obligations, substitute the "cut and paste"

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

9

function of their word processor for the research, contemplation, and draftsmanship that are the necessary elements of responsible legal representation." Mendez, supra, 182 F.Supp.2d at 431; see also Leuallen, supra, 180 F.Supp.2d at 618; Slater v. Skyhawk Transportation, Inc., 187 F.R.D. 211 (D.N.J. 1999) (holding plaintiff's attorney violated Rule 11 by filing a cross-motion to amend complaint to add a negligence claim which was barred by statute of limitations, for failing to conduct a "reasonable inquiry" to determine whether plaintiff's claim was "warranted by existing law)

Plaintiffs must not be permitted to file this frivolous action and simply sit back and make the Ocean Township Defendants spend considerable time and effort in seeking to have this matter dismissed. The Ocean Township Defendants' have provided Plaintiffs' Counsel with more than adequate notice under Fed.R.Civ.P. 11. See Dasti Certification. Plaintiffs' Counsel has refused to dismiss this matter. It is simply a miscarriage of justice that taxpayers' money must be spent to defend this frivolous action.

Therefore, the Ocean Township Defendant request the Court grant our Motion for Sanctions and order Plaintiffs' Counsel reimburse the Township for attorney's fees and costs in defending this frivolous matter.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## POINT II

### THE COURT HAS INHERENT POWER TO IMPOSE SANCTIONS AND SANCTIONS ARE APPROPRIATE IN THIS CASE.

The Court retains inherent powers, independent from any rule or statute, to sanction litigants. Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The imposition of sanctions transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself. Gillette Foods, Inc. v. Bayerwald-Fruchteverwertung, GmbH, 977 F.2d 809, 813 (3d Cir. 1992).

Therefore, even if the Court did not wish to impose sanctions under Fed.R.Civ.P. 11, the Court may still impose sanctions using this inherent power. The Ocean Township Defendants request the Court impose sanctions against Plaintiffs' Counsel and reimbursement the Township for defending this frivolous matter.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731

## CONCLUSION

For all the reasons set forth herein, Plaintiffs' Amended Complaint is frivolous and sanctions under Fed.R.Civ.P. 11 are warranted.

Respectfully submitted,

**DASTI, MURPHY, McGUCKIN, ULAKY, KOUTSOURIS & CONNORS**
Attorneys for Defendants Ocean Twp., Daniel Van Pelt, Robert Kraft, James Mackie, Gregory P. McGuckin, Esq., Gordon Von Schmidt, William Summerville, James McBrien, Larry Leonard, and Barbara Wolford

Dated: March 9, 2018

By: _s/ Christopher J. Dasti_
      CHRISTOPHER J. DASTI, ESQ.

DASTI, MURPHY
McGUCKIN, ULAKY,
KOUTSOURIS & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
P.O. BOX 1057
FORKED RIVER, N.J. 08731