# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARJORIE PARISE and ROBERT PARISE,<br><br>             Plaintiffs,<br><br>v.<br><br>DANIEL VAN PELT, et al.,<br><br>             Defendants. | Civil Action No. 3:17-cv-13434-BRM-DEA<br><br> Hon. Brian R. Martinotti, U.S.D.J.<br> Hon. Douglas E. Arpert, U.S.M.J. |

---

## DEFENDANT GIOVANNI DE PIERRO, ESQ.'S BRIEF IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

---

BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Defendant
   Giovanni De Pierro, Esq.

On the Brief:

 Mark M. Tallmadge, Esq.
 Christopher G. Salloum, Esq.

# TABLE OF CONTENTS

<b>Page</b>

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ........................................................... 1

STATEMENT OF THE CASE ............................................................. 4

LEGAL ARGUMENT ....................................................................... 8

    POINT I ................................................................................. 8

        PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT DE PIERRO AS A MATTER OF LAW. ................................................................................. 8

    POINT II ................................................................................ 11

        PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED. ........... 11

            A.    RICO's Prohibitions ........................................ 12

            B.    RICO's Pleading Requirements .................................... 13

            C.    Plaintiffs Do Not Plead a Viable Association-In-Fact RICO Enterprise. ........................................... 15

            D.    Plaintiffs Do Not Adequately Plead That Mr. De Pierro Committed Even One RICO Predicate Act. ................. 17

            E.    Plaintiffs Do Not Adequately Plead Violations of Section 1962 .................................................... 20

            F.    Plaintiffs Do Not Allege Facts Sufficient To Establish That They Suffered Damages By Reason of Mr. De Pierro's Alleged Violation of RICO. ............................. 23

    POINT III ............................................................................... 25

        PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED. ............................................................. 25

A.     Plaintiffs' State Law Claims Should Be Dismissed For Lack Of Jurisdiction. .......................................................25

B.     Plaintiffs' State Law Claims Fail to Satisfy the Applicable Pleading Requirements. ...............................26

    1. The Amended Complaint Fails to State a Claim For Malicious Prosecution. .................................................. 26

    2. Plaintiffs Fail to State a Claim for Tortious Interference...................................................................... 28

    3. Plaintiffs Fail to State a Claim for Unjust Enrichment. ................ 29

CONCLUSION ....................................................................31

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Alexander v. United States,
509 U.S. 544 (1993)....................................................................................11

American Independent Insurance Company v. Lederman,
No. 97-4153, 2000 U.S. Dist. LEXIS 12351 (E.D. Pa. Aug. 25,
2000) ...........................................................................................................21

Anza v. Ideal Steel Supply Corp.,
547 U.S. 451 (2006)....................................................................................24

Ashcroft v. Iqbal,
556 U.S. 662 (2009)..................................................................................8, 9

Banks v. Wolk,
918 F.2d 418 (3d Cir. 1990) .......................................................................20

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)......................................................................................9

Bistrian v. Levi,
696 F.3d 352 (3d Cir. 2012) ......................................................................8, 9

Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.,
87 F. App'x 227 (3d Cir. Dec 8, 2003)........................................................18

Boyle v. United States,
556 U.S. 938 (2009)....................................................................................16

Dimaria Const., Inc. v. Interarch,
351 N.J. Super. 558 (App. Div. 2001), aff'd, 172 N.J. 182 (2001)....................28

GMC v. New A.C. Chevrolet,
263 F.3d 296 (3d Cir. 2001) .........................................................................8

Grant v. Turner,
No. 09-2381, 2011 U.S. Dist. LEXIS 49120 (E.D. Pa. 2011), aff'd
in part and vacated in part, 505 Fed. App'x 107 (3d Cir. 2012) .......................19

H.J. Inc. v. Northwestern Bell Tel. Co.,
  492 U.S. 229 (1989)..................................................................12, 17

Hollis-Arrington v. PHH Mortg. Corp.,
  205 F. App'x 48 (3d Cir. Oct. 31 2006) ..........................................19

In re Ins. Brokerage Antitrust Litig.,
  Nos. 04-cv-5184 & 05-cv-1079, 2007 U.S. Dist. LEXIS 25632
  (D.N.J. Apr. 5, 2007) ..............................................................14, 22

In re K-Dur Antitrust Litigation,
  338 F. Supp. 2d 517 (D.N.J. 2004)....................................................29

Lightning Lube v. Witco Corp.,
  4 F.3d 1153 (3d Cir. 1993) ......................................................13, 23

LoBiondo v. Schwartz,
  199 N.J. 62 (2009) ......................................................................27

Lum v. Bank of Am.,
  361 F.3d 217 (3d Cir. 2004) .....................................................14, 21

Maio v. Aetna,
  221 F.3d 472 (3d Cir. 2000) ...........................................................24

Mega Concrete Inc. v. Smith,
  No. 09-4234, 2011 U.S. Dist. Lexis 30789 (E.D. Pa. 2011) ...............19

Mills v. Polar Molecular Corp.,
  12 F.3d 1170 (2d Cir. 1993) ............................................................20

Miranda v. Ponce Fed. Bank,
  948 F.2d 41 (1st Cir. 1991)..............................................................11

O'Malley v. BancAmerica Commercial Corp.,
  No. 89-cv-2405, 1992 U.S. Dist. LEXIS 5162 (E.D.Pa. Apr. 17,
  1992) ............................................................................................12

Phillips v. County of Allegheny,
  515 F.3d 224 (3d Cir. 2008) ..............................................................9

Printing Mart-Morristown v. Sharp Electronics Corp.,
  116 N.J. 739 (1989) ........................................................................28

iv

Reves v. Ernst & Young,
   507 U.S. 170 (1993)............................................................22

RJR Nabisco, Inc. v. European Cmty.,
   136 S. Ct. 2090 (2016)......................................................13

Rose v. Bartle,
   871 F.2d 331 (3d Cir. 1989) ............................................23

Rothberg v. Marger,
   No. 11-cv-5497, 2013 U.S. Dist. LEXIS 44473 (D.N.J. Mar. 28,
   2013)...................................................................................11

In re Schering-Plough Corp. Intron/Temodar Consumer Class Action,
   No. 06-cv-5774, 2009 U.S. Dist. LEXIS 58900 (D.N.J. July 10,
   2009)...................................................................................15

Schmidt v. Fleet Bank,
   16 F. Supp. 2d 340 (S.D.N.Y. 1998) ................................12

Sedima, S.P.R.L. v. Imrex Co.,
   473 U.S. 479 (1985)..........................................................22

Sunlight Elec. Contracting Co., Inc. v. Turchi,
   918 F. Supp. 2d 392 (E.D. Pa. 2013).................................11

Teti v. Towamencin Twp.,
   No. 96-cv-5402, 2001 U.S. Dist. LEXIS 15600 (E.D. Pa. Aug. 17,
   2001) ...................................................................................17

United Mine Workers of Am. v. Gibbs,
   383 U.S. 715 (1966)...........................................................26

United States v. Bryant,
   655 F.3d 232 (3d Cir. 2011) .............................................18

United States v. Marjorie Parise,
   No. 3:11-cr-00590-FLW (D.N.J. Dec. 18, 2013) .............27

United States v. Turkette,
   452 U.S. 576 (1981)...........................................................16

<u>VRG Corp. v. GKN Realty Corp.</u>,
    135 N.J. 539 (1994) ...................................................................................29

<u>Zavala v. Wal-Mart Stores, Inc.</u>,
    393 F. Supp. 2d 295 (D.N.J. 2005) ...............................................14

**Statutes**

18 U.S.C. § 1961 ..........................................................................*passim*

18 U.S.C. 1961-1968a ..........................................................................7

18 U.S.C. § 1961(1) .....................................................................12, 24

18 U.S.C. § 1961(4) ...........................................................................15

18 U.S.C. § 1961(5) .....................................................................12, 17

18 U.S.C. § 1962 ................................................................13, 20, 23

18 U.S.C. § 1964(c) ..........................................................13, 23

28 U.S.C. § 1367(a) ...........................................................................25

28 U.S.C. § 1367(c)(3) ......................................................................26

Pub. L. No. 91-452, 84 Stat. 922 ......................................................11

**Other Authorities**

Fed. R. Civ. P. (8)(a)(2) ......................................................................8

Fed. R. Civ. P. 12(b)(6) ...................................................................1, 8

Rule 8(a) .............................................................................................22

Rule 9(b) .........................................................................14, 15, 18, 19, 20

## **PRELIMINARY STATEMENT**

This matter comes before the Court on defendant Giovanni De Pierro, Esq.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The Amended Complaint is 629 paragraphs of scattershot allegations against 46 defendants.  Although the four causes of action advanced in the Amended Complaint are asserted against all defendants, the factual allegations against defendants are largely unconnected and, in many instances, indecipherable.  The few allegations involving Mr. De Pierro all relate to his attorney-client relationship with plaintiffs and their apparent dissatisfaction therewith.  Nevertheless, Mr. De Pierro finds himself joined in this lawsuit which is focused on an alleged vast conspiracy amongst parties to which he has no connection.

The Complaint purports to set forth causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), malicious prosecution, tortious interference with economic advantage, and unjust enrichment. Although the Amended Complaint is lengthy, it is nevertheless devoid of factual allegations sufficient to state a claim against Mr. De Pierro upon which relief could be granted.  Accordingly, the instant motion to dismiss must be granted.

The case law is clear that RICO causes of action, especially those premised upon fraud, are subject to specific pleading requirements.  However, the sparse allegations against Mr. De Pierro fail to satisfy even minimal pleading requirements,

1

much less the heightened pleading requirements which plaintiffs face herein. Plaintiffs fail to identify any conduct by Mr. De Pierro that could be considered a predicate act for purposes of RICO.  Further, plaintiffs fail to identify the enterprise or the conspiracy pursuant to which the numerous defendants were allegedly operating.  Indeed, for the most part, the Amended Complaint fails to allege any connections between the defendants and, with respect to Mr. De Pierro, fails to allege any connection to other defendants with respect to any concerted activity or wrongful conduct.

Similarly, the three state law claims asserted in the Amended Complaint are insufficiently pleaded to state viable causes of action.  Notably, upon dismissal of the RICO count of the Amended Complaint, this Court may decline to exercise supplemental jurisdiction and dismiss the state law claims without further analysis. However, should the Court examine the pleadings with respect to the state law claims, the deficiencies in those pleadings will be clear.  Plaintiffs fail to plead any connection or involvement by Mr. De Pierro with respect to the criminal prosecution of Ms. Parise and, moreover, plaintiffs cannot plead that the criminal proceedings were terminated favorably to her.  Further, the Amended Complaint fails to set forth any facts pursuant to which it could be concluded that Mr. De Pierro intentionally interfered with any economic interest of plaintiffs or that he was somehow unjustly enriched by any allegedly wrongful conduct.  Simply stated, Mr. De Pierro was

lumped in with 45 other defendants although the pleadings' actual allegations against him do not warrant such inclusion.

For the reasons set forth herein, defendant, Giovanni De Pierro, Esq., respectfully submits that, as a matter of law, the Amended Complaint fails to state a claim against him upon which relief could be granted.  Therefore, the instant motion must be granted and the Amended Complaint dismissed.

## STATEMENT OF THE CASE

Plaintiffs commenced this Action against a host of defendants by filing a Complaint on December 20, 2017.  Their Amended Complaint filed on February 27, 2018 names 46 defendants, many of whom are plaintiffs' former lawyers, and attempts to ascribe to these defendants a vast, multifaceted, and coordinated criminal conspiracy to harm plaintiffs.  The Amended Complaint makes clear that plaintiffs have been in a multitude of disputes with a multitude of different parties over two decades.  Mr. De Pierro, a New Jersey attorney, is connected to plaintiffs only through certain legal services provided to them.  Nevertheless, in a shotgun complaint devoid of specific factual allegations, plaintiffs join Mr. De Pierro in their generalized mass allegations of conspiracy and misconduct.

With respect to the facts that plaintiffs assert against Mr. De Pierro, the Amended Complaint alleges as follows:

## PARTIES

13.  Giovani [*sic*] DiPierro [*sic*], is a citizen with a primary place of business at 317 Belleville Avenue, Bloomfield, NJ 07003.

\* \* \*

## FACTS COMMON TO ALL COUNTS

\* \* \*

3.  Specifically, Mr. Giovanni DePierro [*sic*] has approximately 10 boxes of files that he will not return to them.

\* \* \*

4

194.  Plaintiffs hire Attorney Giovanni DePierro [*sic*] to review a malpractice against McKenna and 9 other cases that McKenna mishandled but that there was still time to bring.

195.  DePierro [*sic*] took $15,000 but never gave Plaintiffs a retainer agreement.

196.  Plaintiffs find out that all cases were filed without their knowledge and were dismissed with prejudice by Judge Mallard.

\* \* \*

199.  Plaintiffs found out that Giovanni DiPierro [*sic*] was law partners with Keith McKenna.

\* \* \*

## FACTS SPECIFIC TO INDIVIDUAL DEFENDANTS

\* \* \*

357.  Plaintiffs went to Mr. DePierro [*sic*]  to look over the cases Mr. McKenna had failed to adequately handle.

358.  He told Plaintiffs he did not know Mr. McKenna.

359.  He wanted all their original files which Plaintiffs gave him.

360.  He filed a suit against Waretown for $50,000.00 Plaintiffs gave them that was unaccounted for.

361.  Plaintiffs found out 460 days later he did not serve the complaint but he emailed Plaintiffs he did.

362.  Mr. DePierro [*sic*] also wanted $15,000.00 to file cases Mr. McKenna messed up; he told Plaintiffs he could fix them.

5

363.    Plaintiffs went into his office to sign a retainer but he did not have one; he said his girl forgot to leave it out but he would email Plaintiffs one in the morning.

364.    Plaintiffs left him the check and told him not to cash it until Plaintiffs get the retainer, the retainer never came and he cashed the check Plaintiffs gave him.

365.    Plaintiffs chased him over a year trying to get their files and money back.

366.    On October 31, 2011 Plaintiffs emailed him that they were coming to his office to pick up their files and to this day Plaintiffs cannot get them back and no accounting for the $15,000.00

367.    Plaintiffs found out he filed 9 cases without Plaintiffs knowing and had them all dismissed with prejudice for non action.

368.    The only way Plaintiffs found out is that Mr. Parise was sitting in a court room on a car accident case and they kept calling their name and to their surprise it was all of DePierro's [*sic*] cases.

369.    Plaintiffs then found out that not only did DePierro [*sic*] and McKenna know each other they were law partners together.

370.    Plaintiffs did file a case with the OAE and they dropped their case because they claim DePierro [*sic*] came in with a retainer with their signature which was impossible because Plaintiffs never signed one.

371.    The OAE was unwillingto [*sic*] produce the retainer for Plaintiffs to see.

<u>See</u> Amended Complaint, Docket Entry No. 18.

6

Following these factual allegations, the Amended Complaint asserts causes of action against Mr. De Pierro (and all other defendants) for: (1) violation of 18 U.S.C. 1961-1968a (RICO); (2) tortious interference with prospective economic advantage; (3) malicious prosecution; and (4) unjust enrichment.  As demonstrated herein, plaintiffs have failed to adequately plead any of these causes of action.  Therefore, Mr. De Pierro brings the instant motion to dismiss.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT DE PIERRO AS A MATTER OF LAW.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). If a complaint does not contain such a statement, the defendant will be able to successfully move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The "touchstone of the pleading standard is plausibility." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. And so, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." Id. at 679. Thus, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." GMC v. New A.C. Chevrolet, 263 F.3d 296, 333 (3d Cir. 2001) (quoting MOORE'S

FEDERAL PRACTICE 12.34(1)(b), at 12-61 to 12-63 (3d ed. 2001)).  Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  The plausibility standard requires that plaintiffs plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the cause of action asserted so as to "justify moving the case beyond the pleadings to the next stage of litigation."  Phillips v. County of Allegheny, 515 F.3d 224, 234-235 (3d Cir. 2008). "[M]ore than a sheer possibility that a defendant has acted unlawfully" is needed. Iqbal, 556 U.S. at 678 (internal quotations omitted).

To guide courts considering whether a complaint may survive a motion to dismiss for failure to state a claim, the Third Circuit has established a threefold analysis:

> First, we outline the elements a plaintiff must plead to a state a claim for relief.  Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, we look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. This last step is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Bistrian, 696 F.3d at 365 (internal marks and citations omitted).

As set forth more fully below, plaintiffs' Amended Complaint does not remotely satisfy these standards.  Rather, it attempts to convert state contract and

tort law claims into a federal racketeering claim.  But even a cursory review of the Amended Complaint betrays the inadequacy of its RICO allegations, and thus compels the conclusion that the RICO charge, the sole federal question plaintiffs raise, should be dismissed with prejudice for failure to state a claim as a matter of law.  Plaintiffs' state law claims also must be dismissed either for want of supplemental jurisdiction, or, in the alternative, for failure to state a claim.

## POINT II

## PLAINTIFFS' RICO CLAIMS MUST BE DISMISSED.

Finding that "organized crime in the United States is a highly sophisticated, diversified, and widespread activity that annually drains billions of dollars from America's economy," Pub. L. No. 91-452, 84 Stat. 922, Congress enacted the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., "to eradicate the infiltration of legitimate businesses by organized crime," Alexander v. United States, 509 U.S. 544, 561 (1993). Given the *in terrorem* effect of RICO's treble-damage remedy, and the "inevitable stigmatizing effect" of a RICO claim, courts "strive to flush out frivolous RICO allegations at an early stage of the litigation." Rothberg v. Marger, No. 11-cv-5497, 2013 U.S. Dist. LEXIS 44473, *13 (D.N.J. Mar. 28, 2013) (quoting Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990)). Accord Miranda v. Ponce Fed. Bank, 948 F.3d 41, 44 (1st Cir. 1991) ("Civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device. . . . [I]t would be unjust if a RICO plaintiff could defeat a motion to dismiss simply by asserting an inequity attributable to a defendant's conduct and tacking on the self-serving conclusion that the conduct amounted to racketeering.").

RICO claims are, therefore, "carefully scrutinize[d]" due to the "'relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it.'" Sunlight Elec. Contracting Co., Inc. v. Turchi, 918 F.

Supp. 2d 392, 402 (E.D. Pa. 2013) (quoting <u>Kolar v. Preferred Real Estate Investments, Inc.</u>, 361 F. App'x 354, 363 (3d Cir. 2010)); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Schmidt v. Fleet Bank</u>, 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998) ("[C]ourts must always be on the lookout for the putative RICO case that is really 'nothing more than ordinary fraud case clothed in the Emperor's trendy garb.'")(citation omitted).  And so "only those purported RICO claims which truly fit within the intent of the statute" may proceed.  <u>O'Malley v. BancAmerica Commercial Corp.</u>, No. 89-cv-2405, 1992 U.S. Dist. LEXIS 5162, at *10 (E.D.Pa. Apr. 17, 1992).

## A.     **RICO's Prohibitions**

At the heart of a RICO claim is the concept of "racketeering activity."  The term "racketeering activity" encompasses myriad state and federal crimes, collectively known as predicate acts.  <u>See</u> <u>generally</u> 18 U.S.C. § 1961(1).  Those predicates include any act "indictable" under dozens of federal statutes, §§ 1961(1)(B)-(C), (E)-(G), as well as certain crimes "chargeable" under state law, § 1961(1)(A), and any offense involving bankruptcy or securities fraud or drug-related activity that is "punishable" under federal law, § 1961(1)(D).  A predicate offense implicates RICO when it is part of a "pattern of racketeering activity"; that is, a series of at least two "related" predicate acts that together "amount to or pose a threat of continued criminal activity."  <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989); 18 U.S.C. § 1961(5).

RICO forbids four primary categories of conduct "aimed at different ways in which a pattern of racketeering activity may be used to infiltrate, control, or operate 'a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.'" RJR Nabisco, Inc. v. European Cmty., 136 S. Ct. 2090, 2097 (2016) (quoting 18 U.S.C. § 1962). First, Section 1962(a) makes it unlawful to use or invest income from a "pattern of racketeering activity" to acquire any interest in an "enterprise." Second, Section 1962(b) makes it unlawful to use a "pattern of racketeering activity" to "conduct the affairs of an enterprise." Third, Section 1962(c) prohibits any person employed by or associated with an enterprise from "conduct[ing] or participat[ing] . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." Fourth, Section 1962(d) makes it unlawful to conspire to violate any of those three prohibitions. RICO authorizes a private cause of action by "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).

### B.   **RICO's Pleading Requirements**

To recover in a civil RICO suit, a plaintiff must adequately plead: (1) a section 1962 violation; and (2) an injury to business or property by reason of such violation. Lightning Lube v. Witco Corp., 4 F.3d 1153, 1187 (3d Cir. 1993) (citing Shearin v. E.F. Hutton Group, Inc., 885 F.3d 1162, 1164 (3d Cir. 1989)).

When a plaintiff's RICO claims sound in fraud, the heightened pleading requirements of Rule 9(b) apply.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004) ("Where . . .  plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity."); In re Ins. Brokerage Antitrust Litig., Nos. 04-cv-5184 & 05-cv-1079, 2007 U.S. Dist. LEXIS 25632, at *53 (D.N.J. Apr. 5, 2007) (citing Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658-59 (3d. Cir. 1998)).  This heightened pleading standard is "particularly important in civil RICO pleadings in which the predicate racketeering acts are critical to the sufficiency of the RICO claim."  Zavala v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 295, 312 (D.N.J. 2005) (citing Balthazar v. Atlantic City Med. Ctr., 279 F. Supp. 2d 574, 591 (D.N.J. 2003)).

"In order to satisfy Rule 9(b), plaintiffs must plead with particularity 'the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  Lum, 361 F.3d at 223-224 (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).  In other words, plaintiffs must plead: (1) the date, place or time of the fraud; (2) who made a misrepresentation to whom; and (3) the general content of the misrepresentation.  Id. at 224.  Causation must also be pleaded with the

14

particularity contemplated by Rule 9(b).   See, e.g., In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, No. 06-cv-5774, 2009 U.S. Dist. LEXIS 58900, at *89 (D.N.J. July 10, 2009) (citing Rolo, 155 F.3d at 657-58).

With respect to defendant De Pierro, the Amended Complaint fails to satisfy these requirements because it does not plead facts sufficient to show: (1) the existence of a cognizable RICO enterprise; (2) that Mr. De Pierro might have violated any of RICO's four prohibitions or that he committed the underlying predicate acts necessary to establish a "pattern of racketeering activity;" and (3) that plaintiffs might have suffered damages by reason of a RICO violation.  Moreover, plaintiffs fail to plead with the particularity required to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b).  As set forth in more detail below, each of these pleading failures independently requires dismissal of plaintiffs' RICO claims.

## C.   Plaintiffs Do Not Plead a Viable Association-In-Fact RICO Enterprise.

A RICO complaint must adequately plead the existence of an "enterprise" to survive a motion to dismiss.  A RICO "enterprise" means "any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  That definition reaches "a group of persons associated together for a common purpose of engaging in a course of conduct" and "is proved by evidence of ongoing organization, formal or informal, and by evidence that the various associates

function as a continuing unit." <u>United States v. Turkette</u>, 452 U.S. 576, 580, 583 (1981). In addition to pleading underlying wrongful conduct by predicate acts with respect to each defendant, a plaintiff must allege facts sufficient to establish an enterprise with an existence that is distinct and separate from the alleged underlying predicate acts. <u>Id</u>. at 583. To adequately plead an "association-in-fact" enterprise, a plaintiff must plausibly allege "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." <u>Boyle v. United States</u>, 556 U.S. 938, 946 (2009).

Plaintiffs fail to plead facts sufficient to describe the required structural features of the supposed criminal syndicate. Instead, plaintiffs simply fasten the label of "enterprise" to the mass of named defendants and claim that this purported "enterprise" exists "for the purposes of committing fraud for pecuniary gain." But mere statements that "several individuals, independently and without coordination, engaged in a pattern of crimes listed as RICO predicates . . . would not be enough to show that the individuals were members of an enterprise." <u>Boyle</u>, 556 U.S. at 947 n.4. In fact, plaintiffs fail to plead a single fact joining or associating Mr. De Pierro with any other defendant in conjunction with some wrongful act. Indeed, the sole allegation connecting Mr. De Pierro to another defendant is that he was a law partner with one other defendant at some time prior to his representation of plaintiffs.

Plaintiffs do not allege that Mr. De Pierro acted in concert with any other defendant or identify any wrongful conduct undertaken with a purpose to injure plaintiffs.  Rather, Mr. De Pierro is the victim of a generalized group allegation that all defendants acted in concert with a single purpose.  No <u>facts</u> are alleged to support this conclusory allegation and, as a result, plaintiffs fail to state a viable claim under the RICO statute.

### D.   <u>Plaintiffs Do Not Adequately Plead That Mr. De Pierro Committed Even One RICO Predicate Act.</u>

RICO requires plaintiffs to establish a "pattern of racketeering activity" by pleading "at least two acts of racketeering activity" committed in a ten-year period. 18 U.S.C. § 1961(5).  A plaintiff must, at a minimum, adequately plead that each defendant committed at least two predicate acts that are "related, and that they amount to or pose a threat of continued criminal activity." <u>H.J., Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. at 239.  This "requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes." <u>Teti v. Towamencin Twp.</u>, No. 96-cv-5402, 2001 U.S. Dist. LEXIS 15600, at *20 (E.D. Pa. Aug. 17, 2001) (quoting <u>Republic of Panama v. BCCI Holdings</u>, 119 F.3d 935, 948 (11th Cir. 1997)).

Here, the Amended Complaint fails to properly plead any RICO predicate act, let alone the two acts that RICO requires for possible liability to attach.  In the "claims" section of their Amended Complaint, plaintiffs simply state the conclusion

that each defendant committed certain purported predicate acts, but they fail to specify the facts that might establish that a specific defendant violated a specific predicate statute.  To state a claim against Mr. De Pierro, plaintiffs would have to allege facts sufficient to demonstrate that Mr. De Pierro engaged in conduct that would satisfy each of the legal elements necessary to establish the commission of a RICO predicate act.  They have patently failed to do so.

Plaintiffs allege, among other purported RICO predicate acts, "wire and mail fraud."  A conviction of mail fraud requires: "(1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of the mails . . . in furtherance of the scheme." United States v. Bryant, 655 F.3d 232, 240 (3d Cir. 2011) (quoting United States v. Kemp, 500 F.3d 257, 279 (3d. Cir. 2007)).  In order to satisfy Rule 9(b)'s heightened pleading standard in the context of RICO mail fraud allegations, a plaintiff must "identify the purpose of the mailing within the defendant's fraudulent scheme and specify the fraudulent statement, the time, place, and speaker and content of the alleged misrepresentation." Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc., 87 F. App'x 227, 231 (3d Cir. Dec 8, 2003)(citing Annulli v. Panikkar, 200 F.3d 189, n10 (3d Cir. 1999)).

Here, plaintiffs have alleged precisely zero facts to establish that Mr. De Pierro engaged in conduct that constitutes mail fraud.  Instead, plaintiffs' averments

of fraud consist of conclusory statements of wrongdoing.  Plaintiffs' allegations of other predicate acts, such as money laundering and extortion, are equally unsupported by factual allegations.  Accordingly, plaintiffs' RICO claims fail under either Fed. R. Civ. P. 9(b) or 12(b)(6).

Plaintiffs' RICO claims also fail because the Amended Complaint does not plead facts that establish which defendant is alleged to have committed which specific predicate act.  Plaintiffs merely lump together all defendants and all the alleged predicate acts they claim were committed by the supposed criminal enterprise.  Courts; however, have soundly rejected such a shotgun style of pleading in the RICO context.  See, e.g., Hollis-Arrington v. PHH Mortg. Corp., 205 F. App'x 48, 54 (3d Cir. Oct. 31 2006) ("To plead a pattern of racketeering activity, [the plaintiff] must aver . . . that each defendant committed at least two acts of prohibited racketeering activity, . . .");  Grant v. Turner, No. 09-2381, 2011 U.S. Dist. LEXIS 49120, at *29 (E.D. Pa. 2011), aff'd in part and vacated in part, 505 Fed. App'x 107 (3d Cir. 2012) ("[B]y lumping all defendants together and naming them as a group, each defendant has not been properly or sufficiently placed on notice of the exact nature of the claims asserted, as these claims apply to each defendant.");  Mega Concrete Inc. v. Smith, No. 09-4234, 2011 U.S. Dist. Lexis 30789, at *37-38 (E.D. Pa. 2011) (rejecting plaintiffs' argument that the "pattern of racketeering activity" requirement "can be satisfied by reference to all of the predicate acts committed

throughout the life of the enterprise, whether or not that particular defendant was involved in those acts"). <u>Accord</u> <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1175 (2d Cir. 1993) (finding that "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'").

### E. <u>Plaintiffs Do Not Adequately Plead Violations of Section 1962</u>

Plaintiffs' Amended Complaint does not identify which of RICO's four prohibitions they are alleging that defendants violated. Nevertheless, it is clear that the Amended Complaint, even when construed in the light most favorable to the plaintiffs, does not plead facts sufficient to establish that Mr. De Pierro might have violated any of the four RICO prohibitions.

In pertinent part, Section 1962(a) provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

This language requires that the plaintiff suffer injury specifically by the use or investment of income in any enterprise, rather than an injury from the racketeering activity itself. <u>Banks v. Wolk</u>, 918 F.2d 418, 421 (3d Cir. 1990). Here, plaintiffs have not pleaded that Mr. De Pierro invested income derived from a pattern of

racketeering activity in any enterprise.  Nor do they allege that they suffered injury from De Pierro's investment of income in the supposed criminal enterprise.

Section 1962(b) makes it "unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise . . ."  To maintain an action under Section 1962(b), a plaintiff must allege that: "(1) the defendants acquired or maintained control of the enterprise through a pattern of racketeering activity; and (2) the plaintiffs suffered an injury independent from that caused by the pattern of racketeering."  American Independent Insurance Company v. Lederman, No. 97-4153, 2000 U.S. Dist. LEXIS 12351, at *32 (E.D. Pa. Aug. 25, 2000).  The Amended Complaint fails to satisfy either of those two elements.  This is so because plaintiffs have utterly failed to plead facts sufficient to establish that De Pierro might have "acquired or maintained control of" the supposed RICO enterprise, which, as stated above, does not, and cannot, exist on the facts alleged in their Amended Complaint.

Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ."  A violation of this section requires that defendants: (1) conducted or participated in the conduct of the affairs; (2) of an enterprise; and (3) through a pattern of racketeering activity. Lum v. Bank of Am., 361 F.3d at 223 (citing Sedima, S.P.R.L. v. Imrex Co., 473

21

U.S. 479, 496 (1985)).  "The plaintiff must, of course, allege each of these elements to state a claim."  <u>Sedima</u>, 473 U.S. at 496.

Plaintiffs' RICO claims fail here because they have not alleged facts showing that De Pierro conducted or otherwise participated in the affairs of the supposed enterprise.  Plaintiffs do not allege that defendant "participated in the operation and management of the enterprise itself" and played "some part in directing the enterprise's affairs."  <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 183 (1993).  The Amended Complaint does not even parrot the statutory language, let alone plead particular facts sufficient to establish that Mr. De Pierro participated in the operation or management of any RICO enterprise.  Indeed, plaintiffs fail to allege any facts that Mr. De Pierro acted in concert with, much less directed, the conduct of any other defendant.  As such, plaintiffs have failed to adequately plead a violation of Section 1962(c).  <u>See</u> <u>In re Ins. Brokerage Antitrust Litig.</u>, 2007 U.S. Dist. LEXIS 25632, at *142 ("Rule 8(a) does not allow a RICO plaintiff to plead conjecture instead of actual facts.").

Finally, Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of" Section 1962's other prohibitions.  In order to state a claim under Section 1962(d):

> [A] plaintiff must allege (1) agreement to commit the predicate acts of fraud, and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate section 1962(a), (b), or (c). . . .  A

> conspiracy claim must also contain supportive factual allegations. . . . The allegations must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'

Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (citations omitted).  "Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims themselves are deficient." Lightening Lube v. WITCO Corp., 4 F.3d 1153, 1192 (3d Cir. 1993).

Here, the claim that defendant De Pierro violated Section 1962(d) by conspiring to violate any of the other RICO prohibitions fails as a matter of law because, as described above, plaintiffs have not sufficiently pleaded a RICO violation.  Moreover, the claim must fail as plaintiffs have failed to plead a single act by Mr. De Pierro in concert with another defendant or a single communication between Mr. De Pierro and another defendant.  Absent such facts, no "conspiracy" is possible and the Amended Complaint fails to state a viable claim.

### F.   Plaintiffs Do Not Allege Facts Sufficient To Establish That They Suffered Damages By Reason of Mr. De Pierro's Alleged Violation of RICO.

Finally, plaintiffs have not demonstrated that they have standing to bring a RICO claim.  To satisfy RICO's standing requirement, a plaintiff must have suffered injury in "his business or property" "by reason" of a "pattern of racketeering activity."  See 18 U.S.C. § 1964(c).  This means that a plaintiff must show "that the defendant's violation not only was a 'but for' cause of his injury, but was the

proximate cause as well." Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 457 (2006) (quoting Holmes v. Securities Investor Protection Corporation, 503 U.S. 258, 268 (1992)).  A RICO plaintiff must plead a "concrete financial loss," such as actual monetary loss, "by reason" of a the commission of a RICO violation.  Maio v. Aetna, 221 F.3d 472, 483 (3d Cir. 2000).

Here, plaintiffs have not pleaded that they suffered injury "by reason" of any alleged commission of a RICO predicate act by Mr. De Pierro.  Indeed, plaintiffs fail to identify or adequately plead any RICO predicate act involving Mr. De Pierro.  Mr. De Pierro's attorney-client relationship with plaintiffs and the legal services provided cannot constitute the predicate acts enumerated in RICO's definition of "racketeering activity."  See 18 U.S.C. § 1961(1).  Such acts simply do not fall within RICO's scope.  Since plaintiffs fail to sufficiently plead that they sustained damages as a result of a pattern of racketeering activity by Mr. De Pierro, their claim must be dismissed.

For all of the reasons set forth herein, defendant, Giovanni De Pierro, Esq., respectfully submits that the Amended Complaint fails to state a viable claim under the RICO statute.  Therefore, defendant's motion to dismiss the Amended Complaint with prejudice must be granted.

24

## POINT III

## PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED.

In addition to the RICO claim, the Amended Complaint alleges state law claims for malicious prosecution, tortious interference with prospective economic advantage and unjust enrichment. At the outset, defendant submits that the state law claims should be dismissed for lack of jurisdiction. Should the Court address the merits of plaintiffs' pleading, defendant submits that the Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### A. Plaintiffs' State Law Claims Should Be Dismissed For Lack Of Jurisdiction.

Jurisdiction before the federal court is based solely on the Amended Complaint's inclusion of Count One which alleges a violation of the RICO statute, 18 U.S.C. § 1961, et seq. Notably, the Amended Complaint does not allege diversity jurisdiction or assert any other federal question which might support this Court's exercise of subject matter jurisdiction. Accordingly, the Court's consideration of the state law causes of action must be premised on its exercise of supplemental jurisdiction as provided for in 28 U.S.C. § 1367(a). Should the federal cause of action be dismissed, defendant respectfully submits that the state law claims should also be dismissed as there would be no basis for the continued exercise of supplemental jurisdiction.

As demonstrated above, the RICO count, the sole federal cause of action, must be dismissed insofar as the Amended Complaint fails to state a RICO claim as a matter of law.  If Count One of the Amended Complaint asserting the RICO cause of action is dismissed, no basis remains for this Court's exercise of supplemental jurisdiction over the state law claims.  For this reason alone, plaintiffs' state law claims should be dismissed.  See 28 U.S.C. § 1367(c)(3) ("The district court[] may decline to exercise supplemental jurisdiction . . . [if it] has dismissed all claims over which it has original jurisdiction");  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").  Here, defendant submits that the RICO claim must be dismissed and, consequently, the state law claims should fall as well.

**B.** **Plaintiffs' State Law Claims Fail to Satisfy the Applicable Pleading Requirements.**

 **1.** **The Amended Complaint Fails to State a Claim For Malicious Prosecution.**

Although plaintiffs style the cause of action asserted in Count III of their Amended Complaint as a claim for "malicious abuse of process," it appears that plaintiffs intended to assert a claim for malicious prosecution.  See Amended Complaint, Count III, ¶ 2.  This claim appears to arise from Ms. Parise's 2013 conviction for bankruptcy fraud, for which she was sentenced to serve a term of imprisonment of twenty-four months following her allocution in open court.  See

26

Judgment in a Criminal Case, ECF No. 18, United States v. Marjorie Parise, No. 3:11-cr-00590-FLW (D.N.J. Dec. 18, 2013).

Malicious prosecution "requires the plaintiff to prove four elements: (1) a criminal action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff." LoBiondo v. Schwartz, 199 N.J. 62, 90 (2009).

Plaintiffs' attempt to assert a claim for malicious prosecution against Mr. De Pierro fails as a matter of law. Plaintiffs do not plead that Mr. De Pierro filed a criminal complaint against Ms. Parise or otherwise caused the federal government to initiate criminal proceedings against her. Further, plaintiffs do not plead that the criminal action was "terminated favorably" to Ms. Parise or that any action taken by Mr. De Pierro was motivated by malice. The reasons for these failures are readily apparent. First, Mr. De Pierro had no involvement in the criminal proceedings against Ms. Parise. In addition, and more importantly, Ms. Parise was, in fact, convicted of a federal crime, served a custodial sentence, and her conviction has not been vacated. Simply stated, the Amended Complaint fails to allege any facts to support a claim of malicious prosecution against Mr. De Pierro because there is no factual basis for this claim. As a matter of law, the Amended Complaint fails to state

a claim for malicious prosecution and, therefore, Count III of the Amended Complaint must be dismissed.

### 2.   Plaintiffs Fail to State a Claim for Tortious Interference.

In Count II of the Amended Complaint, plaintiffs attempt to allege a claim for tortious interference with prospective economic advantage.  To state a claim for tortious interference with a prospective economic advantage, a plaintiff must allege: (1) a protected interest; (2) that defendant intentionally interfered without justification (malice); (3) a reasonable likelihood that the interference caused the loss of prospective gain; and (4) resulting damages.  Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 751 (1989); Dimaria Const., Inc. v. Interarch, 351 N.J. Super. 558, 567 (App. Div. 2001), aff'd, 172 N.J. 182 (2001).   The Amended Complaint fails in all respects as to defendant De Pierro.

The Amended Complaint does not allege any facts whatsoever that suggest or imply that Mr. De Pierro possessed influence over any business opportunities of plaintiffs or that he took any action whatsoever (with or without malice) to interfere with plaintiffs' business opportunities.  Here again, the Amended Complaint fails to allege any facts to support a claim of tortious interference against Mr. De Pierro because there is no factual basis for this claim.  All of the allegations in the Amended Complaint against Mr. De Pierro involve his representation of plaintiffs in legal actions against mostly unidentified parties.  There are no allegations that connect

Mr. De Pierro to any alleged business opportunities or other economic opportunities. Clearly, it appears that Mr. De Pierro is the subject of plaintiffs' improper group allegations that lack the required specificity to state a viable cause of action.

Insofar as the Amended Complaint fails to state a claim for tortious interference with prospective economic advantage, it must be dismissed. Therefore, defendant De Pierro respectfully submits that Count II of the Amended Complaint must be dismissed.

### 3.    Plaintiffs Fail to State a Claim for Unjust Enrichment.

Finally, Count IV of the Amended Complaint purports to state a claim for unjust enrichment. To support such a claim, plaintiff must allege: (1) defendant has received a benefit from the plaintiff; and that (2) the retention of that benefit without payment would be unjust. VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994). Under this theory, "[t]he critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct." In re K-Dur Antitrust Litigation, 338 F. Supp. 2d 517, 544 (D.N.J. 2004).

In support of their claim for unjust enrichment, plaintiffs allege that "Defendants either through intentional actions or gross negligence were attempting to make a profit from property they were not entitled to." Amended Complaint, Count IV, ¶ 4. The allegations against Mr. De Pierro do not allege any involvement with the real property that is the focus of allegations against other defendants.

Moreover, there are no allegations of negligence against Mr. De Pierro.  Rather the only allegations against Mr. De Pierro arise out of his provision of legal services to plaintiffs.  There is no factual basis for a claim of unjust enrichment and there are no facts actually alleged that would support such a claim.  Therefore, Count IV of the Amended Complaint must be dismissed for failing to state a claim upon which relief could be granted.

## CONCLUSION

For the foregoing reasons, defendant, Giovanni De Pierro, Esq., respectfully submits that his motion to dismiss must be granted and an Order entered dismissing the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

**BRESSLER, AMERY & ROSS, P.C.**
Attorneys for Defendant
Giovanni De Pierro, Esq.

By:_____
        Mark M. Tallmadge

DATED:  August 17, 2018