# BRESSLER AMERY ROSS

A PROFESSIONAL CORPORATION

325 Columbia Turnpike ▪ Suite 301 ▪ Florham Park, NJ 07932
P. O. Box 1980 ▪ Morristown, NJ 07962
973.514.1200 ▪ fax 973.514.1660
www.bressler.com

Mark M. Tallmadge
Principal

direct: 973-966-9674
mtallmadge@bressler.com

January 8, 2019

**VIA ECF**

The Honorable Brian R. Martinotti, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street – Room 341
Trenton, New Jersey 08608

    Re:    **Marjorie Parise, et al. v. Daniel Van Pelt, et al.**
             **Civil Action No. 3:17-cv-13434-BRM-DEA**

Dear Judge Martinotti:

This firm represents defendant, Giovanni De Pierro, Esq., in connection with the above-captioned matter. Please accept this letter brief in lieu of a more formal submission in opposition to plaintiffs, Marjorie and Robert Parise's, motion for reconsideration of the Orders entered by the Court dismissing the Amended Complaint with prejudice. This motion is returnable on Tuesday, January 22, 2019.

A.    **Introduction**

Plaintiffs filed their Amended Complaint on February 27, 2018 which included 629 paragraphs of scattershot allegations against numerous defendants. Although the four causes of action advanced in the Amended Complaint were asserted against all defendants, the factual allegations against defendants were largely unconnected and, in many instances, indecipherable.

The Honorable Brian R. Martinotti, U.S.D.J.
January 8, 2019
Page 2

The few allegations involving Mr. De Pierro all related to his attorney-client relationship with plaintiffs and their apparent dissatisfaction therewith. Nevertheless, Mr. De Pierro found himself joined in this lawsuit which was focused on an alleged vast conspiracy amongst parties to which he has no connection.

By Order dated November 21, 2018, the Court dismissed with prejudice the Amended Complaint against Mr. De Pierro. Similar Orders were entered dismissing the claims against all of the defendants joined in the action by plaintiffs. Now, plaintiffs would have this Court reconsider its dismissal of this action. However, as plaintiffs fail to provide any factual or legal support for the relief they seek, the motion must be denied.

**B.**   **Argument**

New Jersey Local Civil Rule 7.1(i) provides a mechanism for reconsideration of interlocutory orders; however, the scope of review is limited and the requirements strict. The rule requires a party seeking reconsideration to submit "a brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. Moreover, motions for reconsideration are intended to be used to correct manifest errors of law or fact or to present newly discovered evidence, not as an opportunity to relitigate an issue. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Reconsideration is considered an extraordinary remedy which is to be granted sparingly. Brackett v. Ashcroft, 2003 U.S. Dist. LEXIS 21312 (D.N.J. Oct. 7, 2003).

The Honorable Brian R. Martinotti, U.S.D.J.
January 8, 2019
Page 3

Plaintiffs' motion for reconsideration fails to identify any change in the controlling law, relevant new evidence, or manifest error that would warrant reconsideration of the Court's Order dismissing the claims against Mr. De Pierro. Plaintiffs fail to identify any matter or controlling decision which they believe the Court overlooked. Simply stated, plaintiffs have utterly failed in every regard to sustain their burden with respect to a motion for reconsideration.

While plaintiffs did file a Certification from Virginia Maglione, the information provided is not relevant to the purported claims against Mr. De Pierro. Moreover, there is no indication that this information was not available to plaintiffs during the pendency of the prior motions. Indeed, given the age of the alleged facts set forth by plaintiffs in support of their claims, there can be no excuse for their failure to timely submit any and all evidence they believe supports their claims.

Finally, to the extent plaintiffs seek permission to file a Second Amended Complaint, such application is deficient procedurally and substantively. First, in contravention of Local Civil Rule 7.1(f), no proposed Second Amended Complaint was submitted with the instant motion. In addition, plaintiffs fail to identify how any newly Amended Complaint would cure the multiple defects in the Amended Complaint dismissed by the Court. Accordingly, plaintiffs should not be granted permission to file yet another scattershot pleading that fails to state a viable cause of action, much less a timely cause of action.

The Honorable Brian R. Martinotti, U.S.D.J.
January 8, 2019
Page 4

### C. Conclusion

For all of the reasons set forth herein, defendant, Giovanni De Pierro, Esq., respectfully submits that plaintiffs' motion for reconsideration and/or for leave to file a Second Amended Complaint must be denied.

Respectfully submitted,

Mark M. Tallmadge

MMT/jg
cc: All Counsel of Record (Via ECF)